# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

RICHARD GEORGE HUMPHRIES,

Appellant.

No. 82974-2-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Richard Humphries pleaded guilty to domestic violence felony violation of a court order. The sentencing court imposed a community custody condition that the defendant not use alcohol. He appeals this aspect of the judgment and sentence. We affirm.

I

Humphries was charged by amended information with one count of domestic violence felony violation of a court order after he contacted his ex-wife by mail. The victim's protection order prohibited this contact, and Humphries has a history of offenses against her, including harassment, residential burglary, and stalking.

Humphries pleaded guilty in September 2020. In accordance with the parties' agreed recommendation, the sentencing court imposed a prison-based drug offender sentence alternative (DOSA). The State's recommendation

Citations and pin cites are based on the Westlaw online version of the cited material.

assumed "that the defendant acknowledges a substance abuse problem that has contributed to his/her offense(s) and a need for treatment."

Humphries was sentenced to 23.75 months of confinement and 23.75 months of community custody. The court imposed the following community custody condition: "The defendant shall not use any alcohol or controlled substances without prescription and shall undergo testing to monitor compliance." Humphries challenges this community custody condition to the extent it provides that he must not "use" alcohol.

The court found the defendant has a chemical dependence (both alcohol and other substance) "that has contributed to his . . . offense." "Treatment is reasonably related to the circumstances of this crime and reasonably necessary or beneficial to the defendant and the community." Humphries was ordered to "obtain alcohol/substance abuse evaluation" and "follow all treatment recommendations."

The court's finding is consistent with the defense presentence memorandum, which asserts Humphries qualifies for a DOSA "as he contends with substance abuse addiction which is a catalyst for his chronic homelessness and contact with the criminal justice system."

The record does not contain evidence that alcohol intoxication formed a part of Humphries's conduct underlying the charge or his guilty plea.

Noncompliance with DOSA requirements, in prison or in community custody, results "in imposition of sanctions administratively by the Department of

Corrections and may include return to prison to complete the entire determinate sentence."

In June 2021, the Department of Corrections administratively revoked Humphries's DOSA for consuming alcohol and other violations, and returned him to prison. Humphries has filed a personal restraint petition challenging the revocation (In re Pers. Restraint of Humphries, No. 82977-7-I).

II

A

The appellate court reviews community custody conditions for an abuse of discretion and will reverse conditions if they are manifestly unreasonable. State v. Nguyen, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). Community custody conditions "are usually upheld if reasonably crime related." State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

"[T]he imposition of crime-related prohibitions is necessarily fact-specific and based upon the sentencing judge's in-person appraisal of the trial and the offender." In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010).

As part of a felony sentence, the court "may impose and enforce crime-related prohibitions," including "a prohibition on the use or possession of alcohol or controlled substances if the court finds that any chemical dependency or substance abuse contributed to the offense." RCW 9.94A.505(9).

"As part of any term of community custody, the court may order an offender to . . . [r]efrain from possessing or consuming alcohol"—whether or not related to

the offense—or to "[c]omply with any crime-related prohibitions." RCW 9.94A.703(3)(e), (f). A court that imposes a sentence of community custody under a drug offender sentencing alternative may impose the same prohibitions. RCW 9.94A.660(6)(a).

B

Humphries first argues that the prohibition that he not "use" alcohol is not authorized under RCW 9.94A.703(3)(e), which authorizes only a prohibition that an offender refrain from "possessing or consuming alcohol." Humphries relies on State v. Norris, which held that a prohibition that a defendant not "use or consume" alcohol exceeded the authorization of former RCW 9.94A.703(3)(e) (2009), which allowed a prohibition only on "consuming" alcohol. 1 Wn. App. 2d 87, 99-100, 404 P.3d 83 (2017), rev'd in part on other grounds sub nom State v. Nguyen, 191 Wn.2d 671, 425 P.3d 847 (2018). In Norris, we directed the trial court on remand to strike "use" from the judgment and sentence so that it would provide only that the defendant not "consume" alcohol. Id. at 100.

However, as noted in Norris, the statute is now broader, and authorizes a prohibition on "possessing or consuming" alcohol. Id. at 100 n.12; RCW 9.94A.703(3)(e). Humphries's argument rests on the proposition that the prohibition on his "use" of alcohol is impermissibly broad because the authorized prohibition on his "possessing or consuming" alcohol is narrower than "use." Under the facts of this case even as Humphries presents them, there is no meaningful distinction between the terms. As a practical matter, the court's authority to prohibit "possessing or consuming" alcohol or its sentence that prohibits "using" alcohol

4

lead to the same result for Humphries. Because Humphries has shown no meaningful difference between the "use" of alcohol from which he is restrained, and the "possession or consuming" of alcohol from which he concedes he may be restrained, we conclude that Humphries's community custody conditions do not exceed the authorization of RCW 9.94A.703(3)(e). Humphries presents no facts which would support a conclusion in his case that prohibiting the "use" of alcohol is any different from prohibiting "possessing or consuming" alcohol.

C

We also conclude the sentencing court was authorized to impose the alcohol prohibition as crime-related because Humphries stated his substance abuse addiction was a "catalyst" for his offense. The sentencing court found Humphries had a chemical dependency, including alcohol, that contributed to his offense and ordered him to "obtain alcohol/substance abuse evaluation and treatment." There is evidence and a finding that Humphries's chemical dependence contributed to his offense. The court did not abuse its discretion.

III

We affirm the judgment and sentence. Under RAP 14.2 we direct that appellate costs are not awarded due to the appellant's indigency.

_Birk, J._

WE CONCUR:

_Andrus, C.J._          _Mann, J._

5